JONES *et al. vs.* SLIGH *et al.*, COMMISSIONERS, *et al.*

REFUSAL OF INJUNCTION, FROM PAULDING. Constitutional Law. Tax. Fence. Parties. Injunction. (Before Judge Branham.)

Blandford, J.—Art. 7, sec. 6, par, 2, of the Constitution provides the objects for which the general assembly may delegate power to a county to levy a tax, and power to levy and collect a tax cannot be granted for any other purpose than those specified. Therefore, the authority granted in Code, §1455 (b) to the ordinary, or such tribunal as may have jurisdiction over county matters, to levy and collect a tax upon the property in a district, sufficient to defray the expenses of erecting and maintaining fences around the lines thereof, where the provisions of the stock law have been adopted, is unconstitutional and invalid. Code, §5190.

(a) The money provided to be raised by that section of the Code is to be raised by taxation, and not by assessment; and therefore, the case does not fall within the ruling in Hayden *vs.* City of Atlanta. 70 Ga., 822, 823.

(b.) The tax collector not having been made a party to the bill as defendant, but only the county commissioners, an injunction was properly refused.

Judgement affirmed.

J. S. James, for plaintiffs in error.

A. L. Bartlett, for defendants.

----------

NICHOLSON *vs.* COOK.

REFUSAL OF INJUNCTION, FROM CATOOSA. Contracts. Equity. (Before Judge Fain.)

Blandford, J.—Where two parties entered into a written contract whereby one of them was to let the other have fifty acres of land, and was to furnish sufficient stock to cultivate it, and the other was to furnish the labor, and they were to divide the crop, if the former failed to furnish the necessary plow stock and took charge of the crops, in the absence of any allegation of insolvency, there was an ample remedy at law, and a resort to equity was unnecessary.

Judgment affirmed.

W. H. Payne, for plaintiff in error.

A. T. Hackett; McCutchen & Shumate, for defendant.